IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-11-933 |
| | § | |
| ERRON SHEPHERD, | § | |
| | § | |
|    Defendant/Movant. | § | |

## ORDER DENYING MOTION FOR LATE FILING OF NOTICE OF APPEAL AND DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

Pending before the Court are Erron Shepherd's motion for an extension of time to file a notice of appeal and motion for appointment of appellate counsel, which were received by the Clerk on May 23, 2012. D.E. 18, 19.

Shepherd was sentenced on January 13, 2012, to serve 180 months imprisonment with five years supervised release, after his guilty plea to the charges of possession with intent to distribute 10.63 kilograms of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. D.E. 16. Shepherd filed his motion for extension of time[1] to file a notice of appeal more than 125 days after judgment was entered. His motion is untimely.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by

---

[1] Shepherd's motion for extension of time is undated, but the envelope in which it was mailed bears a postmark showing mailing on May 21, 2012. Because Shepherd is incarcerated, the mailbox rule applies. Fed. R. App. P. 4(c).

1

Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[2] Fed. R. App. P. 4(b)(4). Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following reasoning in Bowles v. Russell, 551 U.S. 205, 211-13, 127 S.Ct. 2360(2007)). A defendant does not have a right to have his untimeliness for filing his notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

For this reason, Shepherd's motion for extension of time to file his notice of appeal (D.E. 18) is DENIED without prejudice to his filing pursuant to 28 U.S.C. § 2255, should he wish to do so. Because Shepherd's motion for extension of time to file a notice of appeal is too late, the Court denies Shepherd's motion for appointment of appellate counsel (D.E.

---

[2] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

19). The Clerk is instructed to send Shepherd the form to be used to file a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.

It is so ORDERED this 29th day of May 2012.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE